UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mayo Clinic,<br><br>        Plaintiff,<br><br>v.<br><br>Claritev Corp. f/k/a MultiPlan, Inc.,<br><br>        Defendant. | Case No.  1:25-cv-14760<br><br>MDL No. 3121<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## MAYO CLINIC'S DIRECT ACTION PLAINTIFF
## SHORT-FORM COMPLAINT

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in the Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation,* MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint pursuant to Case Management Order No. 6, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 179.

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

1

## I. IDENTIFICATION OF PARTIES

**1. PLAINTIFF**

1. Name of the Plaintiff alleging claims against Defendant(s): **Mayo Clinic**

2. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members. For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

    **Minnesota**

**2. DEFENDANT(S)**

3. Plaintiff names the following Defendant(s)[1] in this action [*Check all that apply*]:

| | |
|---|---|
| X | Claritev Corp. f/k/a MultiPlan, Inc. |
| ☐ | Aetna, Inc., a subsidiary of CVS Health Corporation |
| ☐ | Blue Shield of California Life & Health Insurance Company |
| ☐ | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| ☐ | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| ☐ | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| ☐ | Centene Corporation |
| ☐ | The Cigna Group |
| ☐ | Elevance Health, Inc. f/k/a Anthem, Inc. |
| ☐ | Health Care Service Corporation |
| ☐ | Highmark Health |

---

[1] Each Defendant named in this Short-Form Complaint acted directly or through each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. acted directly or through, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc.

2

| | |
|---|---|
| ☐ | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |
| ☐ | Humana Inc. |
| ☐ | Kaiser Foundation Health Plan, Inc. |
| ☐ | Molina Healthcare, Inc. |
| ☐ | UnitedHealth Group Inc. |
| ☐ | Allied National, LLC |
| ☐ | Benefit Plans Administrators of Eau Claire, LLC |
| ☐ | Central States Southeast and Southwest Areas Health and Welfare Fund |
| ☐ | Consociate, Inc. d/b/a Consociate Health |
| ☐ | Healthcare Highways Health Plan (ASO), LLC |
| ☐ | Secure Health Plans Of Georgia, LLC D/B/A Secure Health |
| ☐ | Sanford Health Plan |
| ☐ | CareFirst Of Maryland |
| ☐ | Blue Cross Blue Shield of Massachusetts |

3. **OTHER DEFENDANTS**

4. For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

|   | **NAME** | **CITIZENSHIP** |
|---|---|---|
| 1 | Not applicable. |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |

## II. DESIGNATED FORUM

5. For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Northern District of Illinois

6. For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: Not Applicable

## III. JURISDICTION AND VENUE

7. Subject Matter Jurisdiction is based on:

    ☐ Diversity of Citizenship
    ☒ Federal Question
    ☐ Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):
    _____
    _____

## IV. FACTS AND INJURIES ASSERTED

8. Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated below).

9. Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

V. **ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION**

10. Plaintiff alleges the following additional facts in support of its standing to bring causes of action:

Founded in 1864, the Mayo Clinic is a world-renowned health system. It is the largest integrated, not-for-profit medical group practice in the world. The Mayo Clinic has the most top-ranked specialties of any health system in the United States. In 2025, Newsweek ranked The Mayo Clinic as the number one health system in the world. The Mayo Clinic employs over 7,300 physicians and scientists and over 76,000 employees and allied health staff. It spends over $600 million per year on medical research and employs over 3,000 full-time research personnel.

Doctors working at the Mayo Clinic has been responsible for medical breakthroughs that have advanced medicine around the world. In 1955, surgeons at the Mayo Clinic performed the world's first successful open-heart surgery using the Mayo-Gibbon heart-lung bypass machine, a device refined at the Mayo Clinic. In 1969, surgeons at the Mayo Clinic performed the first FDA-approved total hip replacement, effectively beginning the era of modern joint replacement. Doctors at the Mayo Clinic isolated cortisone and demonstrated its use in treating rheumatoid arthritis, winning them the 1950 Nobel Prize. Doctors at the Mayo Clinic conducted the first successful treatment of tuberculosis using streptomycin, turning a fatal disease into a curable one. The Mayo Clinic also advanced medicine by pioneering several operational firsts, including creating the first integrated medical record system in 1907, deploying the first hospital-based blood bank in 1935, and creating the precursor of the modern intensive care unit in 1956.

Today, the Mayo Clinic owns and operates major medical campuses in Rochester, Minnesota, Phoenix/Scottsdale, Arizona, and Jacksonville, Florida. The Mayo Clinic also owns and operates the Mayo Clinic Health System, which consists of more than 70 hospitals and clinics across Minnesota, Iowa, and Wisconsin. In 2024, the Mayo Clinic treated more than 1.3 million patients from all 50 states. These included more than 155,000 surgical patients and 2,834 organ and bone marrow transplants.

The Mayo Clinic routinely provides out-of-network (OON) services to patients and submits bills for those services to the third-party payors responsible for adjudicating and paying those

claims. In 2024, the Mayo Clinic submitted over $485 million in OON claims to third-party payors, including to known users of MultiPlan's OON Repricing Services, such as Aetna, Benefit Plan Administrators of Eau Claire, Blue Cross Blue Shield of Minnesota, Cigna, Consociate, HCSC, Highmark, Kaiser, and United.

Members of the MultiPlan Cartel used MultiPlan's common OON pricing methodology to set prices for those OON services regardless of the reasonableness of the Mayo Clinic's billed charges. For example, when the Mayo Clinic submitted a claim for $102, MultiPlan's Data iSight methodology set a price of just $9 for that OON service. When Mayo Clinic submitted a $56 claim for OON services, Data iSight set a price of $6.

Thus, as alleged in the Master Complaint, Plaintiff was directly injured by Defendants' illegal conduct because it was underpaid for out-of-network goods and services as a result of the alleged antitrust violations set forth in the Master Complaint. More specifically, due to the MultiPlan Cartel, Plaintiff was paid less for its out-of-network goods and services than it would have been paid but-for the existence of the cartel.

## VI. CAUSES OF ACTION ASSERTED

11. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| ☐ | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |

6

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| ☐ | VI | Violation of State and D.C. Antitrust Statutes | |
| ☐ | VII | Violation of State Consumer Protection Laws | |
| ☐ | VII | Unjust Enrichment | |

**NOTE**

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

### VII. ADDITIONAL CAUSES OF ACTION

12. Plaintiff asserts the following additional Causes of Action and supporting allegations against the following Defendants:
    None.

### VIII. PRAYER FOR RELIEF

13. *Check all that apply*:

[X] **WHEREFORE,** Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement.

[X] **WHEREFORE,** Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

## **JURY DEMAND**

[*Check the applicable box*]:

| X | Plaintiff hereby demands a trial by jury as to all claims in this action.

| ☐ | Plaintiff **does not demand** a trial by jury as to all claims in this action.

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

| | |
|---|---|
| Dated: December 4, 2025 | */s/ Stephen M. Medlock* |

Stephen M. Medlock
Stephen Cohen (*pro hac vice* forthcoming)
Rami Abdallah E. Rashmawi (*pro hac vice* forthcoming)
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6500
Fax: (202) 639-6604
smedlock@velaw.com
scohen@velaw.com
rrashmawi@velaw.com

Michael Scarborough (*pro hac vice* forthcoming)
Dylan Ballard (*pro hac vice* forthcoming)
Madison Lo (*pro hac vice* forthcoming)
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com
dballard@velaw.com
mlo@velaw.com

Mackenzie Newman (*pro hac vice* forthcoming)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
mnewman@velaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on December 4, 2025, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

                                               */s/ Stephen M. Medlock*
                                               Stephen M. Medlock